So Ordered.

Dated: September 27, 2023



Rachel M. Blise
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Cynthia M. Seymore,

Debtor.

Case No. 19-22084-rmb

Chapter 13

# DECISION AND ORDER DENYING DEBTOR'S MOTION TO RECONSIDER

The debtor seeks reconsideration of the Court's March 31, 2023 Decision and Order (the "Decision") denying the debtor's motion to release a lien held by secured creditor Ditech Financial, LLC. The debtor's motion includes no new arguments or citations to authority. For the following reasons, the Court denies the motion.

The facts of this case are set forth in detail in the Decision, so the Court only briefly recounts them here. The debtor's confirmed chapter 13 plan provided for modification of Ditech's lien on real estate that is not the debtor's principal residence. Ditech would receive the value of the property – $12,500 according to the debtor – plus 4.5% interest. The plan provided that a proof of claim was required for Ditech (or any creditor) to receive payments under the plan. Neither Ditech nor the debtor filed a proof of claim, so Ditech did not receive any payments from the chapter 13 trustee. After completing the payments required under the plan, the debtor filed a motion asking the Court to require Ditech to release its lien. Ditech objected,

and the Court issued the Decision denying the debtor's motion. The debtor now seeks reconsideration of the Decision.

The debtor seeks relief under "Rules 9023 and/or 9024." ECF No. 95 at 1. The Decision was a final order because it "dispose[d] of [a] discrete dispute[ ] within the larger bankruptcy case." *See Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 587 (2020) (quotation omitted). The debtor can therefore seek reconsideration of or relief from the Decision under Federal Rule of Civil Procedure 59, made applicable to this case by Federal Rule of Bankruptcy Procedure 9023, or Federal Rule of Civil Procedure 60, made applicable to this case by Federal Rule of Bankruptcy Procedure 9024. The debtor's motion does not specify which rule she asks the Court to apply, nor does she address the applicable standard under either rule.

To the extent the debtor seeks relief under Rule 9023, the Court construes the motion as a motion to alter or amend the judgment under Rule 59(e). To prevail on a Rule 59(e) motion, the movant must "clearly establish[] (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quotation omitted).

To the extent the debtor seeks relief under Rule 9024, the following grounds for relief may be asserted:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Only two grounds would seem to fit this situation: mistake under Rule 60(b)(1), with the mistake being that the Court committed an error of law, or newly discovered evidence under Rule 60(b)(2). These bases mirror the grounds available under Rule 59(e).

The debtor's motion does not point to any meaningful new evidence, and certainly no evidence that could not have been discovered before the parties' initial briefing on the debtor's motion. The debtor filed with her motion for reconsideration an affidavit from her attorney demonstrating that the debtor made all necessary payments to complete her chapter 13 plan. ECF No. 96. But that fact was already established by information on the Court's docket because the trustee filed a Certification of Completion of Payments to the Trustee and a Final Report and Account. ECF No. 58 (certification); ECF No. 61 (final report). The Court could and did take judicial notice of those filings and the facts contained therein. *See DuCanto v. Fleck, LLP (In re Potter)*, 616 B.R. 745, 749 n.3 (Bankr. N.D. Ill. 2020) ("A bankruptcy court can take judicial notice of its own docket."); *see also* ECF No. 91 at 3 (acknowledging that "the trustee . . . received all payments due under the plan."). Therefore, there is no newly discovered evidence that would lead the Court to reconsider the Decision.

The real basis for the motion is the debtor's contention that the Court committed legal error in denying the debtor's motion to terminate the Ditech lien. The debtor argues that by refusing to order Ditech to release its lien, the Court imposed an extra obligation on her that was not contemplated by the plan. Therefore, she says, the Court is ignoring the binding effect of the plan's confirmation. Neither of these contentions persuades the Court to reconsider the Decision.

The debtor argues that, "as far as Ditech was concerned," the debtor's obligations were "limited to making monthly Chapter 13 payments to the Trustee." The debtor asserts that she

3

"made good on her proposed Plan, and paid $391.00 per month until she was notified by the Chapter 13 Trustee that she had completed all payments under her Plan and no further payments were necessary." *Id.* ECF No. 95 at 2. She says she was not obligated to ensure that Ditech received payments from the trustee. *Id.*

The debtor is mostly correct, but she misses the point. It is true that the debtor was not obligated to ensure that Ditech received payments from the trustee. If Ditech was entitled to receive payments under the confirmed plan, it was the trustee's job to distribute the payments. The problem for the debtor is that Ditech was not entitled to receive payments from the trustee. The plan provides that "a timely proof of claim **must** be filed in order to receive payments from the trustee under this plan." ECF No. 9 at 1 (emphasis in original). Ditech was entitled to payments from the trustee only if a timely proof of claim was filed. No timely claim was filed, so Ditech did not receive the $12,500 that the debtor proposed to pay in exchange for release of Ditech's lien.

The Court remains convinced that *Matteson v. Bank of America, N.A. (In re Matteson)*, 535 B.R. 156 (B.A.P. 6th Cir. 2015), is highly persuasive and dictates the result here. In that case, Bank of America held two mortgages on real estate owned by the debtor. The confirmed plan provided for maintenance of payments to Bank of America during the plan, but only if a proof of claim was filed. The bank did not file a claim and neither did the debtors. The bankruptcy court held that the bank was nevertheless bound by the terms of the plan and reduced the amount of the debt owed to the bank by the amount it would have received during the term of the plan had it filed a claim. The Bankruptcy Appellate Panel reversed. It held that "[t]he bankruptcy court erred by interpreting the plan as requiring a reduction of the Bank's debt as a consequence of its failure to file a proof of claim when the plan itself did not specifically impose

such a result." *Id.* at 162. That is, Bank of America's security interest could not be devalued solely because it did not file a proof of claim.

Here, the plan similarly did not provide that a consequence of a creditor's failure to file a proof of claim would be loss of its security interest. Nor would such a provision be appropriate because it would directly contradict 11 U.S.C. § 506(d)(2), which provides that a lien is not void due "only to the failure of [the creditor] to file a proof of such claim under section 501 of this title." 11 U.S.C. § 506(d)(2). The Court cannot hold that Ditech is not entitled to any payment for its security interest, effectively rendering its lien void, simply because Ditech did not file a proof of claim.

That is where the debtor's obligation comes in. To ensure that Ditech received payment in consideration for releasing its lien, a proof of claim was required. And when Ditech did not file a proof of claim, the debtor could have filed one on its behalf under Bankruptcy Rule 3004. *See* Fed. R. Bankr. P. 3004 ("If a creditor does not timely file a proof of claim . . . , the debtor or trustee may fil a proof of claim within 30 days after the expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable."). The debtor argues that she should not be required to file a claim on behalf of Ditech "to breathe life into the Plan." ECF No. 95 at 3. But this is the point of Rule 3004. Because secured creditors are free to ignore the bankruptcy case, debtors "may find themselves saddled with liabilities . . . which remain unpaid" after the close of their cases through no fault of their own. *See* Fed. R. Bankr. P. 3004 advisory committee's note to 1983 amendment. To address that potential problem, Rule 3004 permits debtors to force a creditor's participation in the plan. To receive this benefit, the debtor needed to ensure that a claim was timely filed.

5

The debtor also argues that she "is entitled to the benefits of the Plan as confirmed," and that the Decision "completely ignores the effect of confirmation" because the plan was binding on both Ditech and the debtor. ECF No. 95 at 3. Section 1327(a) provides that "[t]he provisions of a confirmed plan bind the debtor and each creditor." 11 U.S.C. § 1327(a); *see also United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 275 (2010) (chapter 13 confirmation order is "binding and enforceable" on creditors with notice). But "[t]he *res judicata* effect of a confirmed plan is limited by the language of the plan." *In re Russo-Chestnut*, 522 B.R. 148, 157 (Bankr. D.S.C. 2014). The language of the plan required a proof of claim before Ditech would be entitled to payment from the chapter 13 trustee. It is precisely because the plan was binding that Ditech is not required to release its lien. Here, Ditech was required to release its lien in exchange for payment of $12,500. Ditech did not receive the payment, so it is not required to release its lien.

The debtor argues that the Court's conclusion is contrary to the language in section 3.2 of the plan, where Ditech's claim was listed. That section provides that the listed creditors "will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of: (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor." ECF No. 9 at 3. The debtor argues that she received her discharge, so Ditech's lien must be released.

The Court declines to interpret this language as the debtor advocates. Under the debtor's reading, a secured creditor that misdirects a bankruptcy notice or miscalendars a proof of claim deadline and does not timely file a claim is punished with the loss of its security interest without compensation when the debtor receives a discharge. That cannot be the result. A debtor does

6

Case 19-22084-rmb    Doc 99    Entered 09/27/23 16:45:46    Page 6 of 7

not get an unencumbered house or car at the end of a chapter 13 bankruptcy case simply because the secured creditor did not file a proof of claim.

The debtor's position is also contrary to Seventh Circuit precedent. The Seventh Circuit has long held that a secured creditor is free to "ignore the bankruptcy proceeding and look to the lien for the satisfaction of the debt." *In re Tarnow*, 749 F.2d 464, 465 (7th Cir. 1984); *see also In re Pajian*, 785 F.3d 1161, 1163 (7th Cir. 2015) ("a secured creditor who fails to [file a proof of claim] can still enforce its lien through a foreclosure action, even after the debtor receives a discharge"); *In re Penrod*, 50 F.3d 459, 461 (7th Cir. 1995) (noting the presumption that "liens pass through bankruptcy unaffected"). The debtor does not grapple with, or even cite, this binding precedent in her motion for reconsideration.

Ditech did not receive the value of its collateral, so Ditech cannot now be forced to relinquish its security interest.

For the foregoing reasons, IT IS HEREBY ORDERED that the debtor's motion to reconsider (ECF No. 95) is DENIED.

# # # # #